**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:11-cr-00047-HDM-CWH |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| MARCTAVIAN FORD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant has filed a "motion to execute judgement" asking that he be surrendered to the Bureau of Prisons (#46). The motion is **DENIED**.

Defendant has also filed a motion for pretrial jail credits (#48). The government has responded (#49). Defendant has not filed a reply, and the time for doing so has expired.

In his motion, defendant relies on *United States v. Dorsey*, 166 F.3d 558 (3d Cir. 1999) to suggest that the court may grant the relief he seeks. While granting credit for time served "generally falls within the province of the Bureau of Prisons," *United States v. Drake*, 49 F.3d 1438, 1440 (9th Cir. 1995), *Dorsey* recognized the court's ability to – in certain circumstances – essentially grant

1

credit for time served by reducing a defendant's sentence under § 5G1.3(b).  Under § 5G1.3(b), the court may reduce a defendant's sentence for time already served on an another undischarged term of imprisonment if the court determines the Bureau of Prisons will not credit that time toward the defendant's sentence.  *Drake*, 49 F.3d at 1440.  For § 5G1.3(b) to apply, the undischarged sentence must have "resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) *and* that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments)."  U.S.S.G. § 5G1.3(b) (emphasis added).  Given defendant's arguments in his motion and his citation to *Dorsey*, the court construes defendant's motion for pretrial credits as a motion for the court to modify or correct his sentence on the basis of § 5G1.3(b).

Generally, the court lacks authority to modify a term of imprisonment once it has been imposed, but exceptions exist.  *See* 18 U.S.C. § 3582(c).  The only exception arguably applicable to defendant's case at this time is § 3582(c)(1)(B), which allows the court to modify a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."

Rule 35(a) allows the court to correct a sentence within seven days after sentencing for arithmetical, technical, or other clear error.  As more than seven days have passed since defendant was sentenced, the court lacks the authority to modify defendant's sentence under Rule 35(a).  Rule 35(b), which allows for a

2

reduction of sentence for substantial cooperation upon motion of the government, clearly does not apply to defendant's motion. While the court may also correct a sentence under 28 U.S.C. § 2255, the court sees nothing in defendant's motion to suggest he intended to assert a claim under § 2255.

At any rate, even if the court could grant defendant relief, it does not appear from the record that he is entitled to it. For § 5G1.3(b) to apply, the undischarged sentence must be based on an offense that was relevant conduct to the charge in this case. The undischarged state sentence defendant was serving while awaiting prosecution and sentencing in this case was not based on an offense that was relevant conduct to the charge in this case.

Defendant's motions (#46, #48) are therefore **DENIED**.

IT IS SO ORDERED.

DATED: This 27th day of February, 2013.

_____
UNITED STATES DISTRICT JUDGE